IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRIS J. JACOBS, III,

                Petitioner,                ORDER

   v.

                                        09-cv-0652-bbc

PETER HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,

                Respondent.

---

On December 18, 2009, I entered an order dismissing without prejudice the application by Chris J. Jacobs, III, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I explained that petitioner's complaint that prison staff were depriving him of food was a challenge to the conditions of his custody, rather than the fact or duration of it, and therefore had to be brought under 42 U.S.C. § 1983. Petitioner has now filed a notice of appeal from that order.

A petitioner cannot pursue an appeal from a final order in a habeas corpus proceeding unless he has been granted a certificate of appealability. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). When, as

in this case, a district court dismisses the petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must show that the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court's procedural ruling is correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

Petitioner is not entitled to a certificate of appealability. Reasonable jurists would not debate that petitioner's claim of food deprivation is a classic "conditions of confinement" challenge that cannot be presented in a petition for a writ of habeas corpus. Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005) (when remedy of release is not available to petitioner, his challenge can only concern conditions of confinement and cannot be brought in habeas corpus petition). The fact that petitioner has been unable to obtain relief for his complaints in the state courts does not authorize him to proceed in a federal habeas corpus action. Habeas corpus is available only when the remedy of release is possible. Although petitioner's allegations of wrongdoing by prison staff are serious, release is not a remedy for those alleged wrongs.

Although petitioner has not asked for leave to proceed *in forma pauperis* on appeal, I will assume that he seeks to do so. I have already found petitioner to be indigent. However, he cannot proceed *in forma pauperis* unless I find that his appeal is brought in good faith, that is, that reasonable people could suppose his appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). I cannot make this finding for the reasons just stated.

ORDER

IT IS ORDERED that

1. Petitioner's implied request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2. Petitioner's request for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 2nd day of February, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge